UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Takaro Jamison,<br>            Plaintiff,<br><br>            v.<br><br>Daye North America, Inc. and Spherion Staffing, LLC,<br>            Defendants. | CASE NO.: 2:22−cv−0157-BHH-MGB<br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

## JURISDICTION AND PARTIES

1. This suit is brought and jurisdiction lies pursuant to the Title VII of the U.S. Civil Rights Act of 1964 (42 U.S.C. §2000e) (hereinafter "Title VII").

2. All conditions precedent to jurisdiction under §706 of Title VII (42 U.S.C. §2000e-5) have occurred or been complied with.

   a. Two charges of employment discrimination on the basis of race were filed with the Equal Employment Opportunity Commission ("EEOC").

   b. Notifications of the Right to Sue were received from the EEOC on or about February 16, 2022 and May 16, 2022.

   c. This Complaint was filed within the 90 days of receipt of the EEOC's Notices of the Right to Sue.

3. The Plaintiff, Takaro Jamison, at all times herein, was a citizen of the State of South Carolina and resided in Dorchester County.

4. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

5. Defendant Daye North America, Inc. (hereinafter referred to as "Defendant Daye"), upon information and belief, is a foreign corporation incorporated in the State of North Carolina and operating and doing business in Charleston County, South Carolina.

6. Defendant Spherion Staffing, LLC (hereinafter referred to as "Defendant Spherion"), upon information and belief, is a foreign corporation incorporated in the State of Delaware and operating and doing business in Charleston County, South Carolina.

7. Defendant Spherion employed the Plaintiff by providing pay, benefits, leave, supervision, Human Resources support, and by having the ability to terminate the Plaintiff. Defendant Daye

also employed the plaintiff as a "joint employer" by providing direct supervision of the Plaintiff, training on how to perform her job functions, providing all tools and machinery necessary to perform her job functions, and by having the ability to effectuate the termination of the Plaintiff.

8. Each Defendant is a "person" within the meaning of §701 of Title VII.

9. Each Defendant is an industry that affects commerce within the meaning of Title VII.

10. Each Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of Title VII.

11. Therefore, the parties, matters and all things hereinafter alleged are within the jurisdiction of this Court.

## STATEMENT OF FACTS

12. On or about December 14, 2020, the Plaintiff, an African American female, was placed at Defendant Daye by Defendant Spherion. At all times relevant to this Complaint, the Plaintiff was effective and efficient in her employment.

13. Beginning on or about December 21, 2020, the Plaintiff was subjected to racial discrimination by her supervisor, Mike Frapper, while working for Defendants.

14. Mr. Frapper would make derogatory comments on the basis of race when speaking to other Caucasian employees, like "you don't have to be like *them*" (referring to African American employees, including the Plaintiff).

15. In addition, throughout the remainder of Plaintiff's employment, Mr. Frapper would not allow Caucasian employees to speak to African American employees, including the Plaintiff.

16. For a brief period of time, Plaintiff was working in the front office but Defendant Daye's General Manager, Joel, quickly moved the Plaintiff to the back office so that only Caucasian employees would be visible to the public.

17. On or about January 27, 2021, the Plaintiff was terminated from employment due to her race.

18. Any stated reasons for Plaintiff's termination were mere pretext for the discrimination against Plaintiff based on her being an African American.

19. The aforesaid conduct of the Defendants, their agents and servants, violates United States laws against discrimination and retaliatory dismissal; was, in fact, retaliatory in nature; and was in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

## FOR A FIRST CAUSE OF ACTION
## VIOLATION OF TITLE VII – RACIAL DISCRIMINATION
## DISPARATE TREATMENT

20. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

21. The Plaintiff is a member of a protected group on the basis of her race. The Plaintiff was terminated based on her being an African American person in violation of Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*) and the Equal Employment Opportunity Act.

22. The Defendants were wanton, reckless and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

   a. In showing preferential treatment to non-African American employees;

   b. In making disparaging remarks to those who were in a protected class;

   c. In failing to continue to employ Plaintiff due to her race;

   d. In demonstrating a pattern of discriminatory treatment toward African American employees; and

   e. In other particulars which discovery may show.

23. The Plaintiff's race was a determining factor in the disparate treatment and wrongful termination of the Plaintiff. But for the Plaintiff's race, she would not have been terminated.

24. The Defendants violated Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*), and the Equal Employment Opportunity Act by allowing racial discrimination and preferential treatment to exist in the workplace.

25. In failing to protect the Plaintiff from racial discrimination and preferential treatment, the Defendants acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*) and the Equal Employment Opportunity Act.

26. As a direct and proximate result of the Defendants' discrimination against the Plaintiff, she has suffered and will continue to suffer substantial damages including loss of wages, benefits, employment opportunities and other pecuniary losses; as well as non-pecuniary losses including great emotional and mental distress, mental anguish, terror, fright, revulsion, disgust, humiliation, embarrassment, shock and indignities, and loss of enjoyment of life.

27. Due to the acts of the Defendants, their agents and employees, the Plaintiff is entitled to injunctive relief and civil damages such as back wages plus interest, payment for lost benefits, reinstatement of benefits and front pay.

## REQUEST FOR RELIEF

28. Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

29. That by reason of such wrongful acts of the Defendants, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

**WHEREFORE**, Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against Defendants for all causes of actions in an amount which is fair, just and reasonable;

2. Judgment in favor of the Plaintiff and against Defendants for back pay and any associated benefits she would have earned in an amount to be determined by the trier of fact;

3. Judgment in favor of the Plaintiff and against Defendants for prejudgment interest;

4. Judgment in favor of the Plaintiff and against Defendants for front pay and any associated benefits she lost in an amount to be determined by the trier of fact;

5. Judgment in favor of the Plaintiff and against Defendants for embarrassment, humiliation, and emotional distress in an amount to be determined by the trier of fact; and

6. Judgment in favor of the Plaintiff and against Defendants, in such an amount of actual damages, compensatory damages, punitive damages, attorney's fees, costs of this action and any other relief this Honorable Court deems just, proper and allowable under the law.

**WIGGER LAW FIRM, INC.**

s/ *Emily Hanewicz Tong*
Emily Hanewicz Tong (Fed. I.D. #12177)
Attorney for the Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC  29406
t: (843) 553-9800
f: (843) 203-1496
e: ehtong@wiggerlawfirm.com

North Charleston, South Carolina
May 17, 2022.